UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
|---|---|---|---|
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. Vallery for Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:  (IN CHAMBERS) ORDER RE: DEFENDANT'S MOTION FOR EXCEPTIONAL CASE FINDING AND ATTORNEY FEES (DKT. NO. 60)

## I. Introduction

On July 9, 2015, Game and Technology Co., Ltd. ("Plaintiff" or "GAT") brought this action alleging, *inter alia*, that Wargaming Group Limited ("Defendant" or "Wargaming") infringed U.S. Patent No. 7,682,243 ("the '243 Patent"). On June 8, 2017, the action was stayed pending resolution of Defendant's petition for inter partes review ("IPR") of the '243 Patent before the Patent Trial and Appeal Board ("PTAB"). On September 7, 2018, the PTAB issued a Final Written Decision ("FWD"). It concluded that the challenged claims of the '243 Patent were unpatentable. The Federal Circuit affirmed. On March 31, 2020, Final Judgment was entered.

Defendant has moved for an exceptional case finding and award of attorney's fees pursuant to 35 U.S.C. § 285 (Dkt. 60 (the "Motion")). Plaintiff opposed the Motion, ("Opposition" (Dkt. 62)), and Defendant replied ("Reply" (Dkt. 63)). Based on a review of the briefing and the corresponding issues, it has been determined that, pursuant to L.R. 7-15, the Motion can be decided without oral argument.

For the reasons stated in this Order, the Motion is **GRANTED**.

## II. Background

### A. Plaintiff Commences This Action

As noted, Plaintiff filed the Complaint on July 9, 2015. Dkt. 1. In February 2016, counsel for the parties conferred by telephone as to certain issues in the case. Dkt. 60 at 4. Following that call, counsel for Defendant sent an email to counsel for Plaintiff stating that, "we still do not believe that service was properly effected on either Wargaming entity. Nevertheless, we will waive service and our defenses to improper service in exchange for your agreement that we have until April 1 to answer or otherwise respond to the complaint." Dkt. 60-1 (Declaration of Christopher Ponder ("Ponder Decl.")) ¶ 43, Ex. H.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
|---|---|---|---|
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

On March 13, 2017, Defendant filed a petition for IPR for the '243 Patent. On June 8, 2017, this action was stayed pending the resolution of the IPR by the PTAB. Dkt. 32.

      **B.**      **Defendant's IPR Is Instituted**

In the Patent Owner Preliminary Response ("POPR") to the IPR filed by Plaintiff[1], the patent owner argued that the IPR should not proceed because it was time-barred under 35 U.S.C. § 315(b). Dkt. 60 at 3. In support of this position, Plaintiff filed Exhibit 2002, a "Witness Statement" from John Talbot. *Id.* Plaintiff asserted that Talbot was a process server located in the United Kingdom. *Id.* Plaintiff also claimed that Talbot served Defendant's registered agent in London pursuant to the Hague Convention. *Id.* Plaintiff subsequently filed Supplemental Exhibit 2002, which it described as "Attestation by Superior Courts of England and Wales, Foreign Processing Section regarding service upon Wargaming.Net.LLP, dated January 6, 2016." Dkt. 60-18 at Appx3308. Supplemental Exhibit 2002 included a summons with a clerk's signature and a court seal. Dkt. 60-5 at Appx1756.

Defendant filed a reply with a supporting declaration by its registered agent. Dkt. 60 at 3. The registered agent declared that he had no record or recollection of having been served with any documents, and his diary entries from the relevant time period supported this position, they showed that it was very unlikely he was in his office at the time Plaintiff claims that service was effected. *Id.*

On October 6, 2017, the PTAB granted the request by Defendant and instituted the IPR proceedings. *Id.*

      **C.**      **The PTAB Orders Special Briefing Regarding Service**

The PTAB ordered specific briefing regarding Plaintiff's request to dismiss the IPR proceeding as time-barred. *Id.* at 3-4. The parties then scheduled depositions of Talbot and the registered agent of Defendant in the United Kingdom. *Id.* at 4. Two days before the deposition of Defendant's registered agent, Plaintiff stated it would no longer proceed with the deposition. *Id.*

Defendant deposed Talbot in November 2017. *Id.* Talbot was shown Plaintiff's Supplemental Exhibit 2002, and then testified that it was "most definitely not the bundle that I served . . . ." *Id.*

Following the Talbot deposition, Plaintiff filed a Proof of Service in this action. Dkt. 37. Plaintiff's Proof of Service states that service on Defendant was effected on December 14, 2015. *Id.* at 2. Attached as Exhibit A to Plaintiff's Proof of Service was a Witness Statement by Talbot, with accompanying documents Plaintiff asserted that Talbot had served on Defendant's registered agent. *Id.*, Ex. A. The summons contained in Exhibit A does not bear a court seal or clerk's signature. *Id.*

Plaintiff filed the documents contained in Exhibit A with the PTAB as Exhibit 2019. Dkt. 60 at 5. Plaintiff argued to the PTAB that it properly effected service. Specifically, Plaintiff argued that, although the documents served on Defendant's registered agent did not include a summons with a court seal or clerk's signature, service was nevertheless effective. *Id.* at 6. Plaintiff also made, for the first time, the alternative

---

[1] The parties have not disputed that the Plaintiff and the patent owner at the time of the IPR were the same person.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
|---|---|---|---|
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

argument that service was properly effected because a complaint and summons had been mailed to Defendant's purported alter ego in Cyprus. *Id.*

    D.    The FWD

As noted, on September 7, 2018, the PTAB issued the FWD. *Id.* at 7-8. It held that Defendant's IPR was not time-barred, because it was undisputed that the summons contained in Supplemental Exhibit 2002 (bearing a court seal and clerk's signature) was not served by Talbot. *Id.* at 8. The PTAB further held that the challenged claims were unpatentable. *Id.*

Plaintiff appealed the FWD to the Federal Circuit. *Id.* at 8. Plaintiff's opening brief devoted "only one paragraph to its substantive argument that the UK service occurred more than a year before Wargaming filed the petition." *Game and Tech. Co., Ltd. v. Wargaming Grp. Ltd.*, 942 F.3d 1343, 1350 (Fed. Cir. 2019). As a result, the Federal Circuit determined that Plaintiff had waived any appeal of this issue. *Id.*

The Federal Circuit also determined that Plaintiff acted improperly when it raised for the first time on appeal the argument that Defendant waived deficiencies in service. *Id.* at 1350-51. The Federal Circuit noted that before the PTAB, Plaintiff argued that both the UK service and Cyprus service were proper. *Id.* To support this argument, Plaintiff "highlight[ed] Wargaming's statement that it waived any deficiencies in service only as support for its position that there were no such deficiencies." *Id.* However on appeal, Plaintiff argued service was proper because Defendant waived service under Fed. R. Civ. P. 4(d). *Id.* The Federal Circuit declined to "consider GAT's argument for the first time on appeal." *Id.* at 1350-51. The Federal Circuit added that "[l]ike certain shapeshifting characters in Dungeons & Dragons, GAT's evolving arguments are difficult to track." *Id.* at 1351.

On November 19, 2019, the Federal Circuit determined the PTAB did not err in instituting the IPR and determined substantial evidence supported the determination of invalidity stated in the FWD. *Id.*

    E.    Stay Is Lifted in District Court Litigation

On March 31, 2020, a Final Judgment against Plaintiff was entered in this action. Dkt. 59. The Final Judgment provided: (1) all of Plaintiff's claims against Defendant were dismissed with prejudice; (2) Defendant is the prevailing party; and (3) Defendant may move for an award of attorney's fees and related nontaxable expenses. *Id.* at 2.

**III.**    **Analysis**

    A.    Legal Standards

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In this context, "exceptional" retains its ordinary meaning of "uncommon," "rare," or "not ordinary." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 546 (2014). Accordingly, "an 'exceptional' case is simply one that stands out from others with respect to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
|---|---|---|---|
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.*

Whether a matter is "exceptional" is determined on a case-by-case basis, "considering the totality of circumstances." *Id.* Relevant factors include, but are not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (internal citations omitted). Fees may be awarded where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless" exceptional. *Id.* at 1757. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* A party must prove by a preponderance of the evidence that it is entitled to a fee award under these standards. *Id.* at 1758.

    **B.**    Application

        1.    <u>Defendant May Seek Fees Under 35 U.S.C. Section 285</u>

Defendant argues that it may pursue a motion in the district court for an award of attorney's fees, rather than doing so before the PTAB. It offers several bases for this position: (1) Plaintiff's representations regarding service (including its Proof of Service filed in this action) apply to the proceedings in this action; (2) caselaw supports an award under Section 285 for PTO activities where a stay is instituted and the PTAB proceedings turned out to be, in effect, a substitute for district court litigation; (3) Section 285 fees may only be sought from the District Court, not PTAB; and (4) Plaintiff's authority for a contrary outcome is distinguishable. Dkt. 60 at 18-21.

Plaintiff responds that any assertion of misconduct based on abuse of process at the PTAB should have been raised and addressed before the PTAB. Dkt. 62 at 18.

A district court may, in certain circumstances, award fees incurred by proceedings before the PTAB. *PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc.*, 840 F.3d 1565, 1569 (Fed. Cir. 1988) (awarding attorney fees incurred by defendant during reissue proceedings, where "[t]he parties and the district court clearly intended to replace the district court litigation with the reissue proceedings"); *Am. Vehicular Sciences LLC v. Autoliv, Inc.*, 405 F. Supp. 3d 728, 738 (E.D. Mich. 2019) ("Thus, if Defendants could establish that these are 'exceptional' cases, they would be allowed to seek fees attributable to the work before the PTO [incurred by IPRs] here."). Plaintiff has acknowledged this authority. Dkt. 62 at 18 ("Fees spent on an IPR can be included in a District Court award under exceptional case law, however it must be shown that the District Court case was exceptional and that the IPR was a necessary part of the exceptionality in the District Court.").

The circumstances presented in this action warrant a finding that Defendant may seek fees pursuant to § 285 incurred during the IPR proceedings on the '243 Patent. This case was stayed early on, *i.e.*, before a Scheduling Order issued. There were no proceedings on claim construction or other pre-trial matters.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
|---|---|---|---|
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

Nor was a trial ever scheduled.² Plaintiff does not dispute these facts. Dkt. 62 at 18 ("This matter was stayed in the District Court before any substantive activity occurred."). The stay of this action was intended to promote party and judicial efficiency by having a potentially case-dispositive issue addressed by the PTAB. That is what happened. In the FWD, the PTAB determined that all claims of the '243 Patent were invalid. This ruling, which was affirmed by the Federal Circuit, resulted in entry of the Final Judgment in this action.

Defendant also argues that Plaintiff's conduct in advancing its untimeliness argument was exceptional. At least some of these challenged actions are directly related to the proceedings here. For example, Defendant contends that the Proof of Service that Plaintiff filed in this action, Dkt. 37, "misleadingly claim[ed]" that Defendant's counsel confirmed service on February 11, 2016. Dkt. 60 at 14. Plaintiff cites *American Vehicular Sciences* for the proposition that Defendant should have sought fees from the PTAB, not the District Court. Dkt. 62 at 15-16. However, Plaintiff's argument is not persuasive because in *American Vehicular Sciences*, the PTAB was noted to have "**particular expertise** in evaluating the arguments made with respect to prior art, priority and presumably validity." *Am. Vehicular Sciences*, 405 F. Supp. 3d at 741 (emphasis added). Here, Defendant's arguments center on proper service in the District Court, not prior art, priority and validity evaluated by the PTAB, as *American Vehicular Sciences* contemplates.³

2.   Plaintiff's Conduct Was Exceptional

In the next step of the analysis, a determination is made as to whether Plaintiff's conduct was "exceptional." To qualify as exceptional, this conduct must "stand[] out from others with respect to the substantive strength of [plaintiff's] litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554.

Three aspects of Plaintiff's conduct are material to this analysis. *First*, a reasonable investigation by Plaintiff would have resulted in a determination that the summons served on Defendant's registered agent did not bear a court seal or clerk's signature. Plaintiff admits that Supplemental Exhibit 2002 was "submitted to the PTAB . . . to support the assertion that … Talbot had actually physically served papers" on Defendant's registered agent. Dkt. 62 at 6.⁴ Supplemental Exhibit 2002 contains a summons bearing

---

² Defendant filed a motion to change venue, which was granted-in-part on August 5, 2016. Dkt. 9. On November 16, 2016, the parties filed a stipulation to stay the case in light of *Game and Technology Co., Ltd. v. Blizzard Entertainment, Inc.*, No. 2:16-cv-6499. Dkt. 23. The stay was in place on June 1, 2017, when the parties filed their joint stipulation to stay in light of the IPR. Dkt. 31.
³ During IPR proceedings, one Administrative Patent Judge questioned whether the PTAB had the "authority … to deem service to have occurred and overlook errors in service. We are bound by what happened in the district court." *Game and Tech. Co., Ltd.*, 942 F.3d at 1347 (citations omitted). Although the service issue was subsequently decided by the PTAB, this statement on the record weighs in favor of finding that this Court is able to award fees for exceptional conduct related to service.
⁴ Plaintiff's argument that it sought only to show that "any physical service" had occurred, rather than proper service, is without force. Plaintiff cited Fed. R. Civ. P. 4 in support of its assertion that service had been effected. Dkt. 60-4 at 3-4. Rule 4 requires a summons signed by the clerk and bearing the seal of the corresponding court. Fed. R. Civ. P. 4(a)(F)-(G).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
|---|---|---|---|
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

a court seal and clerk's signature. Dkt. 60-5 at Appx1756. Supplemental Exhibit 2002 was filed with the PTAB in July 2017. Ponder Decl. ¶ 38; Dkt. 62 at 11. However, Plaintiff's counsel asserts that all of his firm's e-mail records were lost in August 2016. Dkt. 62 at 5 n.3. Plaintiff does not contend that, in light of the unavailability of these records, it sought to verify with Talbot the documents that were served on Defendant's registered agent. Instead, Plaintiff asserts it did not learn until Talbot's deposition in November 2017 that he may not have served the stamped and signed summons. Dkt. 62 at 11. Plaintiff claims that, as a result of this testimony, it for the first time, searched paper files that were in storage. Through that search it determined that the papers served by Talbot did not contain a court seal or clerk's signature. These papers were filed with the PTAB as Exhibit 2019 in November 2017. Dkt. 60 at 5. Had Plaintiff performed a search of its paper files in July 2017, or sought to verify service with Talbot at that time, it could have discovered a deficient summons was served.

*Second*, even if it were reasonable for Plaintiff to have failed to investigate earlier the service by Talbot, its actions after it learned of the deficient service were not reasonable. Despite learning that Talbot had not served a summons bearing a court seal and clerk's signature as required, Plaintiff filed a Proof of Service in this litigation on November 10, 2017. Dkt. 37. Plaintiff represented that "service on the Defendant was effected in accordance with the Hague Convention on Service Abroad." *Id.* at 2. Plaintiff further represented that "Defendant Wargaming Group Limited was properly served on December 14, 2015." *Id.* However, the summons attached to Plaintiff's Proof of Service does not bear a court seal or clerk's signature. Dkt. 37-1 at 7. Plaintiff also continued to pursue its position in the IPR, representing that Plaintiff had obtained a signed and sealed copy of the summons (Dkt. 60-14 at Appx3289), and that a "mere procedural printing error" did not render service ineffective (*id.* at Appx3291). Plaintiff also argued at a hearing that "there's no indication that it [service] was ineffective." Dkt. 60-18 at Appx3111.

*Third*, even if Plaintiff's continued representations to the PTAB as to service were reasonable, Plaintiff's litigation tactics were not. Plaintiff's position regarding proper service changed several times during the IPR proceedings and the appeal to the Federal Circuit. For example, on December 1, 2017, in its response brief on the time-bar issue, Plaintiff asserted for the first time that it had properly effected service by mailing a complaint and summons to Defendant's purported alter ego in Cyprus. Dkt. 60-14 at Appx3291-93. Plaintiff did not explain why it had not previously asserted that this claimed service on Defendant's alter ego in Cyprus was sufficient. Similarly, during the hearing on July 10, 2018, Plaintiff argued for the first time that "in any event, service was waived." Dkt. 60-18 at Appx3110. It was improper to raise such an untimely, substantive argument in that manner. Moreover, the waiver argument was limited to "highlighting Wargaming's statement that it waived any deficiencies in service only as support for its position that there were no such deficiencies." *Game and Tech.*, 942 F.3d at 1350.

Plaintiff now asserts in its Opposition that it "had a written agreement on service which explicitly waived any defense to improper service." Dkt. 62 at 16. As the Federal Circuit noted, "[l]ike certain shapeshifting characters in Dungeons & Dragons, GAT's evolving arguments are difficult to track." *Game and Tech.*, 942 F.3d at 1351. Finally, Plaintiff presented arguments on appeal that were not properly preserved. *Id.* at 1350-51 (one paragraph arguing UK service occurred more than one year before IPR was filed was insufficient to preserve arguments); *id.* (declining to consider waiver argument "for the first time on appeal"). Although it was ultimately determined that Plaintiff's arguments were not properly preserved, prior to that time, Defendant was still required to expend resources in order to respond to them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

Viewed collectively, this conduct by Plaintiff supports a determination that this case is exceptional. Plaintiff's failure to investigate, continued misrepresentations, and shifting litigation positions collectively make this a case that stands out from others as to the manner in which it was litigated. *Octane Fitness*, 572 U.S. at 554. Had Plaintiff performed a reasonable investigation regarding service when it raised the issue before the PTAB, it would have learned that the service was deficient. Even after it realized service was deficient, it continued to make misstatements, i.e., that service was properly effected. Further, as noted, Plaintiff improperly presented new arguments in responsive briefs and at oral argument.

3. <u>Defendant Seeks an Award of Attorney's Fees That Is Reasonable</u>

Defendant seeks only an award of those fees it incurred due to Plaintiff's improper and unreasonable tactics in pursuing its time-bar claim. Dkt. 60 at 21. Ponder, who is counsel for Defendant, has provided a declaration in which he describes the experience, skills, and qualifications of Defendant's counsel, their hourly rates, and the justification for undertaking the 13 tasks, and the associated hours, directly tied to Plaintiff's improper tactics. Dkt. 60-1 ¶¶ 3-30. The hours for which reimbursement is requested are approximately one-third of the total time Defendant's counsel expended on the IPR and appeal. *Id.* ¶ 30, Table 5.

The descriptions of the work undertaken by Defendant's counsel are sufficiently detailed to permit an assessment of them. They also demonstrate the nexus between Plaintiff's activities, which have been identified as exceptional in this Order, and the number of hours Defendant's counsel spent in response. For example, Task 5 concerns 41.2 hours of time relating to discovery as to the service in London. Dkt. 60-1 ¶ 19. Plaintiff argues there is "no explanation as to why the amount of time billed bears no relation to the size of the task." Dkt. 62 at 20. However, Defendant's counsel asserts that this time was necessary to prepare for and take the deposition of Talbot, prepare Defendant's registered agent for a deposition by Plaintiff, and to inspect the location where Plaintiff alleged Defendant's registered agent was served. Dkt. 60-1 ¶ 19. Similarly, Plaintiff contests the 5.5 hours billed for appellate argument as to the service issue, arguing that the hearing itself was approximately 30 minutes. Dkt. 62 at 20. Defendant explains this time reflects preparing for argument, checking in with the clerk of court, and waiting for argument to begin. Dkt. 63 at 7. In light of Defendant's explanations, the time spent on preparing for and attending the hearing was reasonable.

Plaintiff next argues that Defendant's fees for "this one minor issue" are unreasonable. Dkt. 62 at 19. However, the PTAB determined this issue was potentially dispositive and for that reason ordered separate briefing on it by the parties. Moreover, had Defendant not prevailed on this issue, its arguments on the merits of the petition for IPR, which were ultimately successful, would have been rejected on the ground that the IPR proceeding was untimely. Finally, Plaintiff's tactics, including improperly raising new arguments in responsive briefs and at the hearing, as well as shifting positions on other matters, required Defendant's counsel to spend more time than would otherwise have been necessary. For all of these reasons, that Defendant's counsel spent approximately one-third of its time on these issues was reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06554 JAK (SKx) | Date | October 20, 2020 |
|---|---|---|---|
| Title | Game and Technology Co., Ltd. v. Wargaming Group, Limited | | |

Defendant seeks an award of attorney's fees based on hourly rates that are below those used in the billing of Defendant. The reduced rates are within the range of those provided for the American Intellectual Property Law Association Report of the Economy Survey for 2019. Dkt. 60-1 ¶ 11. Thus, the requested rate of $625/hour for a partner in law firm located in the Los Angeles market is between the median rate of $575 and the third quartile rate of $675. *Id.* ¶ 12. The requested rate of $450 for non-partners is between the median rate of $427 and $500 in the third quartile, for the "Other West" region. *Id.* ¶ 13. Plaintiff did not dispute the reasonableness of these rates. They are deemed reasonable.

Finally, Plaintiff argues the expenses incurred by two of Defendant's counsel who travelled to London should be reduced. Plaintiff argues the airfares exceed those shown on a public website, and that the fares for each traveler were different. Dkt. 62 at 21. As a preliminary matter, Defendant asserts that two counsel were required to travel to London because the depositions of Talbot and Defendant's registered agent were scheduled to take place in London on the same day. Dkt. 60-1 at ¶ 19. Plaintiff did not cancel the deposition of Defendant's registered agent until two days prior to the deposition. *Id.* By that time, both counsel had flown to London. It is determined that Plaintiff's late cancellation of the deposition of Defendant's registered agent warrants an award of costs of travel for both attorneys.

With respect to the amount of airfare, Plaintiff's screenshot of a website purporting to show fare history is unauthenticated. Moreover, the screenshot does not provide relevant details, such as whether the fare is restricted to a particular time period, and whether the flight was non-stop. Regarding the difference in Defendant's counsel's airfare, it appears to be attributable to one counsel buying a business class ticket, and the other counsel purchasing an economy class ticket (and later purchasing an upgrade to business class). Dkt. 63 at 7. However, there is not a sufficient basis to award the cost of business rather than economy class travel. Therefore, Batts' airfare of $9578.86 (business class) is reduced to $2685.16 (Ponder's economy class fare). Dkt. 60-1 at ¶ 34. This is a reduction of $6893.70. Ponder's business-class upgrade of $600 is not awarded. *Id.* The reduction totals $7493.70 ($6893.70 + $600 = $7493.70). Subtracting that amount from the claimed expenses of $16,506.17, reduces them to $9012.47.

**IV.    Conclusion**

For the foregoing reasons, Defendant's motion for a finding of an exceptional case and an award of attorney's fees and costs is **GRANTED**. Within 30 days of the issuance of this Order, Plaintiff is **ORDERED** to pay to Defendant, through its counsel, $133,682 in attorney's fees, and expenses of $9012.47, for a total of $142,694.47.

**IT IS SO ORDERED.**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | vrv |  |